**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Dean Jackson, <br><br>　　　　　　Plaintiff, <br><br>v. <br><br>State of Arizona, et al., <br><br>　　　　　　Defendants. | No. CV-12-01233-PHX-DGC <br><br>**ORDER** |

Plaintiff Anthony Jackson has asserted claims under 42 U.S.C. § 1983 against Defendants State of Arizona and Maricopa County, and has filed a motion for partial summary judgment. Docs. 1, 5. The County has not been served with either the complaint or the motion for partial summary judgment. The State has filed a motion to dismiss under Rule 12(b)(6), and Plaintiff has responded. Docs. 3, 4.

**A.    Claim Against the State.**

Section 1983 allows plaintiffs to recover against "[e]very person" who deprives them of their civil rights. 42 U.S.C. § 1983. In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court held that neither a State nor its officials acting in their official capacities are "persons" under § 1983. As a result, the State is not subject to Plaintiff's § 1983 claim and its motion to dismiss is will be granted.

**B.    Claim Against the County.**

Because the County has not been served with the complaint or Plaintiff's motion for partial summary judgment, the motion will be denied.

Plaintiff has not provided proof that he has served the County as required by Rule 4(l) of the Federal Rules of Civil Procedure. The 120 days allowed for service by Rule 4(m) have elapsed. Plaintiff has not sought an extension of the time for service. On or before **November 28, 2012**, Plaintiff shall file a memorandum showing why this case should not be dismissed for failure to serve the County within the time required by Rule 4(m).

The Court also notes that Plaintiff's complaint asks the Court to invalidate his State-court conviction for kidnapping and sexual abuse. Doc. 1. Plaintiff asserts that his constitutional rights were violated during his trial, and seeks relief under § 1983. *Id.* A claim cannot be brought under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless Plaintiff demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). This bar extends to claims for declaratory relief, such as Plaintiff's claim in this case for a *nolle prosequi* declaration. Doc. 1 at 12; *see Edwards v. Balisok,* 520 U.S. 641, 648 (1997); *see also Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Plaintiff does not allege that his conviction has been reversed, expunged, or otherwise invalidated, and it would this appear that he cannot assert a claim against the County under § 1983.

**IT IS ORDERED:**

1. Defendant State of Arizona's motion to dismiss (Doc. 3) is **granted**.

2. Plaintiff's motion for partial summary judgment (Doc. 5) is **denied.**

3. On or before **November 28, 2012**, Plaintiff shall file a memorandum showing why this case should not be dismissed for failure to comply with Rule 4(m). If Plaintiff fails to file a memorandum by that date, the Court will dismiss this case without

1  further notice.

2  Dated this 9th day of November, 2012.

_____
David G. Campbell
United States District Judge