1  **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9  Anthony Dean Jackson                    No. CV-12-01233-PHX-DGC

10                    Plaintiff,            **ORDER**

11  v.

12  State of Arizona, et al.,

13                    Defendants.

14

15         Plaintiff Anthony Jackson has asserted claims under 42 U.S.C. § 1983 against

16  Defendants State of Arizona and Maricopa County.  Docs. 1, 5.  On November 9, 2012,

17  the Court entered an order granting the State's motion to dismiss and noting that the

18  County has not been served with either the complaint or Plaintiff's motion for partial

19  summary judgment.  Doc. 8.  The Court gave Plaintiff until November 28, 2012, to file a

20  memorandum showing why this case should not be dismissed for failure to comply with

21  Rule 4(m).  On November 11, 2012, Plaintiff filed a memorandum and motion to amend,

22  seeking to add Maricopa County Superior Court Judge Heilman and Michelle Daniels as

23  Defendants in this case.  Doc. 9.  The Court will dismiss the claims against the County

24  for failure to comply with Rule 4(m) and will deny the motion to amend.

25         **A.     Claims Against the County.**

26         Plaintiff has not provided proof that he has served the County as required by

27  Rule 4(l) of the Federal Rules of Civil Procedure.  The 120 days allowed for service by

28  Rule 4(m) have elapsed.  Plaintiff's memorandum provides no justification for his failure

to serve the County.  He instead suggests that his real grievances are with Judge Heilman, who apparently presided over his state-court criminal trial, and Michelle Daniels, the apparent complainant in the state-court trial.  Doc. 9.  Because Plaintiff has failed to comply with Rule 4(m), the claims against Maricopa County will be dismissed.

**B.   Motion to Amend.**

Plaintiff asks the Court to permit amendment of his complaint to add Judge Heilman and Ms. Daniels as Defendants.  The Court will deny the motion for three reasons,

First, the amendment would be futile.  Plaintiff seeks to have this Court hold that his state-court conviction was unlawful.  A claim cannot be brought under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" unless the plaintiff demonstrates that the conviction or sentence has been reversed, expunged, or otherwise invalidated.  *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994); *see also Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").  Plaintiff does not allege that his state-court conviction has been reversed, expunged, or otherwise invalidated.

Second, "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts."  *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986). This immunity applies "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Third, Plaintiff's motion fails to comply with Local Rule of Civil Procedure 15.1.

**IT IS ORDERED:**

1.     Plaintiff's motion to amend (Doc. 9) is **denied**.

2.     The claims against Defendant Maricopa County are dismissed.

3.      The Clerk shall terminate this action.

Dated this 28th day of November, 2012.

_David G. Campbell_
David G. Campbell
United States District Judge